IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IOU CENTRAL, INC. <br> d/b/a IOU FINANCIAL, INC <br><br> Plaintiff, <br> vs. <br><br> SOLID ROCK SERVICES, INC. <br> ADDICTIVE INK, LLC; <br> REAL ESTATE CLOSING <br> CONTRACTORS, LLC; <br> APRIL AMANDA HIX <br><br> Defendants | : <br> : <br> : <br> : <br> : <br> : <br> : CASE NO. <br> : <br> : <br> : <br> : <br> ; <br> : <br> : |

## **COMPLAINT**

Plaintiff IOU sues the Defendants as follows:

1. Plaintiff is incorporated in Delaware, whose principal place of business located in Georgia, which is a citizen of both states per 28 U.S.C. § 1332

2. Defendant Solid Rock [SRS] is incorporated in North Carolina, the location of its principal place of business, per § 1332, formed 2010.

3. Defendants Addictive [ADL] formed 2018 and Real Estate Closing [RECC] formed 2021 are limited liability companies, whose sole member is Jonathan Hix [Debtor] domiciled in and a citizen of South Carolina per § 1332. SRS, ADR and RECC are also referred to as the Business Defendants.

1

4.     Defendant April Hix [Co-Debtor] is domiciled in and a citizen of South Carolina per § 1332, who operated Genuine Property Solutions LLC [Business], a remodeling business, with Debtor, to whom she is married.

5.     Business and Debtor are officers, owners or other agents of the other Defendants with authority to act on their behalf such as the transactions at issue. No relief is sought as to Business and Debtor who are discharged in bankruptcy.

6.     Per § 1332, jurisdiction exists in this case based upon diversity of citizenship between the parties and the amount in controversy exceeds $76,000.00, such as relief in law or equity. Per § 1367, jurisdiction exists over all claims.

7.     This litigation concerns debt, property and relief valued in excess of $76,000.00, including damages and fees recoverable by contract and statute.

8.     Under 28 U.S.C. § 1391 and § 90, venue is proper as a substantial part of the events or omissions giving rise to the claims occurred here or Defendants consented to this venue and personal jurisdiction to which they are subject.

9.     The Loan at issue and its governing instruments stipulate they were applied for, considered and funded from Georgia, whose performance is due in Georgia. They are governed by Georgia law, contain mandatory Georgia forum clauses and waive any defenses of Georgia jurisdiction and venue, as Debtor and Business had agreed, who subjected themselves to jurisdiction in Georgia with

their property and assets. The other Defendants are related to Business and Debtor which are bound by the forum clauses in the loan instruments. They are linked to the Debtor and Business by virtue of their common ownership, offices and similar operations and it was foreseeable they would be bound by the Instruments, per their terms, whose rights derive from Business and Debtor, as detailed below.

10. Genuine [Business] and its owner, Debtor, applied for a commercial loan [Loan] at Plaintiff's Georgia office, which represented in the application process that Debtor could bind the Business, who had the ability and intent to comply with the Loan; whose application information was truthful, upon Plaintiff materially relied, of which HCT and CAP assumed, adopted and ratified.

11. On or about 7/31/19 [Closing] Business, through Debtor, executed and delivered a Note to Plaintiff for a gross loan amount/principal sum of $88,000.00, at its office, in exchange for its Funds, with a loan guaranty fee, confirming all information in the loan application process [Note ¶ 1-5].

12. The Note is breached and in default if (i) its amounts are not received when due; (ii) Business breaches its warranties, representations, covenants, terms or conditions (iii) default under any guaranty or instrument, to enhance the Loan's underwriting; a bankruptcy, insolvency or receivership proceeding is commenced

by or as to Business and not dismissed within 30 days (iv) Business ceases to exist (v) Business obtains another loan without written permission [Note ¶ 6].

13.   The Note is Business's unconditional legal obligation to satisfy the Loan, with all others who become liable for its amounts due, such as the other Defendants, who waived any defenses to it, aside from payment, which states:

> *Borrower and all others who become liable for the payment of all or any part of the amounts due under this Note* [emphasis added] do hereby severally waive: (i) presentment and demand for payment; (ii) notice of dishonor, protest and notice of protest and non-payment and all other notices of any kind, except for notices expressly provided for in this Note; and (iii) any defense of the statute of limitations in any action or proceeding brought for the collection of the amounts due under this Note. [Note ¶13]
>
> Borrower is and shall be obligated to pay principal, interest and any other amounts which shall become payable hereunder absolutely and unconditionally and without any abatement, postponement, diminution or deduction and without any reduction for counterclaim or setoff. [Note ¶14]

14.   The Note is governed by Georgia law and subject to jurisdiction and venue in any action arising from or relating to it [Note ¶¶ 20, 23, 24] which the Defendants assumed, adopted and ratified.

15.   The property and assets of Business, with all others who become liable per the Note, are encumbered as its collateral under a Security Agreement in the Note, which Defendants assumed, adopted and ratified, which provides:

As security for the due and punctual payment of all amounts due or to become due and the performance of all obligations of Borrower from time to time under this Note and all extensions, renewals and amendments of any of the foregoing Borrower hereby pledges, transfers, assigns, conveys and grants a security interest to a continuing lien upon and security interest in and to all of Borrower's now owned or hereafter acquired, created or arising property including any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible, and in each case regardless of where such Property may be located and whether such Property may be in the possession of Borrower, Lender or a third party and shall include any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible and (1) any and all amounts owing to Borrower now or in the future from any merchant processor(s) processing charges made by customers of Borrower via credit card or debit card transactions: and (2) all other tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) investment property, including certificated and uncertificated securities, securities accounts, security entitlements, commodity contracts and commodity accounts, (d) instruments, including promissory notes, (e) chattel paper, including tangible chattel paper and electronic chattel paper, (f) documents, (g) letter of credit rights, (h) accounts, including health care insurance receivables, (i) deposit accounts, (j) general intangibles, including payment intangibles and software, and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The collateral includes all accessions, attachments, accessories, parts, supplies and replacements for the collateral, all products, proceeds and collections thereof and all records and data relation thereto [Note ¶ 21].

16.     The Note and Security Agreement are enforceable by remedies such as but not limited to repossession, replevin, judicial foreclosure or prejudgment or

provisional remedies relating to any collateral, security or property interests of the Defendants for debt owed under the Loan [Note ¶ 25].

17. At the Closing, Debtor executed and delivered a Guaranty of the Note and Security Agreement to Plaintiff's Georgia office.

18. The Guaranty is breached and in default based upon a breach of and default on its terms or any breach of and default on the Note [Guaranty p. 1].

19. The Guaranty is Debtor's unconditional legal obligation to satisfy the Loan, with all others who become liable per the Note, plus those bound by the Guaranty, estates, executors, administrators, heirs, successors and assigns, such as the other Defendants, who waived defenses aside from payment, which states

> In consideration of the loan made by Lender to Borrower, Guarantor hereby absolutely and unconditionally guarantees both payment of, and collection of, the Guaranteed Debt when due under the terms of the Note. Guarantor will pay the Guaranteed Debt in full, without setoff or counterclaim upon Lender's demand. This Guaranty shall not be affected by the genuineness, validity, regularity or enforceability of the Note, or by circumstances relating to the Note that might otherwise constitute a defense to this Guaranty. Guarantor acknowledges that there may be more than one Guarantor of the Guaranteed Debt and agrees that, in such circumstances, each Guarantor shall be joint and severally liable for the Guaranteed Debt. [Guaranty ¶ 2].

> This Guaranty is a continuing and irrevocable guaranty of the Guaranteed Debt and shall remain in full force and effect until the Guaranteed Debt, and any other amounts payable under this Guaranty, are paid in full. This Guaranty shall continue to be effective, or be reinstated, as if such payment had not been made, if at any time any payment of any portion of the Guaranteed Debt is rescinded or must

be restored or returned by Lender to Borrower upon the insolvency or bankruptcy of the Borrower or otherwise This Guaranty shall: (i) bind Guarantor and Guarantor's executors, administrators, *successors and assigns*, [emphasis added] provided that Guarantor may not assign rights or obligations under this Guaranty without Lender's prior written consent; and (ii) inure to the benefit of Lender and its successors and assign [Guaranty ¶ 3].

20. The Guaranty is governed by Georgia law and all others who become liable per the Note and those bound by the Guaranty are subject to jurisdiction and venue in Georgia in any action arising from or relating to the Loan [Guaranty ¶¶ 8 11] which all Defendants assumed, adopted and ratified.

21. The property and assets of Debtor with all others who become liable per the Note and those bound in the Guaranty are encumbered as collateral for the Loan under the Note, Security Agreement and Guaranty or are otherwise required which Defendants assumed, adopted and ratified.

22. Plaintiff may enforce the Loan as to Debtor and all others who become liable for the Note and those bound in the Guaranty, with its same methods and remedies in the Note such as the Security Agreement [Guaranty ¶ 13, 19].

23. At the Closing, Debtor executed a Debit Agreement with Business to Plaintiff, authorizing Loan payments from their account into Plaintiff's account, certifying its purpose and their account, which they assumed, ratified and adopted.

24. At the Closing, Defendants received the Loan Funds by wire transfer into their account from Plaintiff's account, to which they consented and ratified.

25. Defendants assumed and adopted the Note, Guaranty, Security and Debit Agreements and Modification [Instruments] who are liable for the Loan.

26. The Instruments are a security interest in and encumber the property and assets of Defendants, such as but not limited to the below ones:

(a) Any property of the Co-Debtor or Defendants.

(b) The interests of Debtor and Co-Debtor in the Business Defendants, undisclosed at the time of the Closing, apparently formed by them to evade their undisclosed legal issues, which Debtor did not claim or identify in his bankruptcy.

(c) Defendants "became liable" for the Loan, are "successors and assigns" of Business and Debtor and are otherwise subject to the Instruments. The Business Defendants are in the same business as the Business, share the same owner, Debtor, received or used property and assets of Business or existed at the time of the Loan to which they are subject.

(d) Defendants are closely related to Business, Debtor and it was foreseeable they would be bound by the Instruments, whose rights are derivative of the other Defendants, whose conduct requires this result.

(e) The above and other properties and assets of Defendants are not subject to a homestead or other protection or exemption, which were waived by the Instruments or by the misconduct of Defendants, which were purchased, improved or maintained with the Funds, or which are otherwise invalid.

(f) Any property and assets encumbered by other Loans of Business and Debtor, satisfied by the Loan, such as a Can Capital loan, satisfied for $27,553.00, a Bluevine loan satisfied for $8,745.00 and an Intuit loan satisfied for $4,760.00.

(g) The properties and assets of Defendants are subject to any UUC-1 or other notice as to the Loan and Instruments by Plaintiff and to jurisdiction here.

27. The Instruments, when read together, are the commercial Loan, that "absolutely and unconditionally" promises its "payment and collection" [Note ¶ 2, 14, Guaranty ¶ 1-3]. Defendants "became liable for its amounts due" are "successors and assigns" of Business and Debtor [Note ¶ 13, Guaranty ¶ 3]. It bars all defenses except payment [Note ¶ 13, Guaranty ¶ 2]. It provides for payment of interest, costs, other charges and attorney's fees [Note ¶ 2, 5, 8, 10, Guaranty ¶¶ 1, 7]. It is enforceable by remedies Plaintiff may simultaneously pursue, including on the debt and Security Agreement [Note ¶¶ 21, 25, Guaranty ¶¶ 1, 19]. It was ratified by Defendants who accepted and retained the Funds.

28. Defendants breached and defaulted upon the Instruments, such as but not limited to misrepresentations when obtaining the Loan, defaulting just after the Closing, claiming to have laid off 9 employees, per the alleged embezzlement of an unidentified employee of Business who took $10,000.00 to purchase items from Sherwin Williams, which is undocumented, failing to make payments, obtaining unapproved loans, dissipating their property and assets, per Business's Chapter 7 bankruptcy, D.S.C. Case No. 20-00188 and Debtor's Chapter 7 bankruptcy, D.S.C. Case No. 20-00961, which they cannot cure. Defendants are liable for the Loan and their misconduct, as Business was undercapitalized, could not satisfy its debts and used to fund the other Defendants, who received its property and assets subject to Plaintiff's secured interest. The Business Defendants are not identified by Debtor as his businesses in his bankruptcy [BK Doc 1, ¶ 19].

29. Plaintiff owns and holds the defaulted Instruments, which has standing to enforce them, whose principal balance and value exceeds $76,000.00, with attorney's fees, pre-judgment interest and other charges as provided by law and their terms [Note ¶ 2, 5, 8, 10, Guaranty ¶ 1, 7] [Mod p. 1].

30. Plaintiff reasonably relied upon the representations of Defendants and paid the Funds to them, which closed the Loan with them as a result.

31. Defendants accepted and retained the Funds, who are fraudulently, wrongfully or unjustly enriched with them at Plaintiff's expense, by retaining their property, assets and the Funds.

32. Defendants are indebted to Plaintiff for the Funds, of which their property and assets are secured as collateral per the Instruments.

33. All conditions precedent to occurred, were fulfilled, waived or their occurrence or fulfillment were unnecessary or futile.

### COUNT I: ENFORCEMENT OF SECURED INSTRUMENTS AND RELATED RELIEF AS TO ALL DEFENDANTS

34. ¶¶ 1-33 are incorporated.

35. The Instruments are intended to bind the recipients and beneficiaries of the Funds, such as the Defendants, which they assumed, adopted and ratified.

36. The Instruments are secured by all property and assets of Defendants by their terms and or due to their conduct, which they assumed, adopted and ratified, including the interests of Debtor and Business in the Business Defendants

37. Defendants breached the Instruments requiring their enforcement as to their property and assets per these terms or per their conduct.

38. Defendants accepted the Funds, which they wrongfully retain, who are otherwise unjustly enriched by retaining them with their property and assets.

39. Defendants cannot enjoy any beneficial interest in their property and assets without violating equitable principles, due to their misconduct.

40. The Instruments are enforceable against the property and assets of the Defendants, as a secured debt, for which there is no adequate legal remedy, requiring equitable relief, which will not prejudice anyone.

41. Per 28 U.S.C. § 2201 and applicable law, Plaintiff requests the Court declare and establish that all Defendants are liable for the Instruments, which are a secured interest in their property and assets, enforceable by an equitable lien or mortgage, constructive trust or like remedy, without waiver of its other remedies, relating back to their execution, granting all just relief, such as its other relief pled.

## COUNT II: BREACH OF INSTRUMENTS AND RELATED RELIEF AS TO DEFENDANTS

42. ¶¶ 1-33 are incorporated.

43. Defendants consented to and ratified the Instruments by accepting the Funds, for which they are liable as co-guarantors and obligors.

44. Defendants breached the Instruments, failed to make payments and did not otherwise comply with their terms, which are now in default and due.

45. Plaintiff accelerated the principal balance of its defaulted Instruments of which Defendants were given notice or notice was not required or is futile and the Instruments provide for payment of Plaintiff's attorney's fees and costs.

46. Per O.C.G.A. § 13-1-11, Defendants are notified unless all principal, interest and other charges due under the Instruments are paid within 10 days of service of this Complaint, then Plaintiff can enforce and invoke the fees provisions of the Instruments and they will be indebted for Plaintiff's fees and costs.

47. Per O.C.G.A. § 7-4-16, Plaintiff is entitled to prejudgment interest with any charges as provided by the Instruments and as provided by law.

48. Plaintiff demands judgment for its damages on the Instruments against Defendants for a principal balance of at least $76,000.00, plus fees, interest, costs and its other charges, plus all just relief such as its other remedies.

### COUNT III: UNJUST ENRICHMENT AND RELATED RELIEF AGAINST ALL DEFENDANTS

49. ¶¶ 1-33 are incorporated.

50. Defendants induced and encouraged Plaintiff to confer the Funds upon them through Debtors, of which they assumed, adopted and ratified.

51. Plaintiff provided the Funds to Defendants, expecting their repayment, of which they appreciated, consented, benefitted and ratified.

52. Defendants retained the Funds which should be repaid, who are otherwise unjustly enriched by them at Plaintiff's expense.

53. Per O.C.G.A. § 7-4-16, Plaintiff is entitled to prejudgment interest and other costs and charges as provided by law.

54. Per O.C.G.A. § 9-2-7 and applicable law, Plaintiff demands judgment as to Defendants for the Funds, costs and all just relief, such as an equitable lien, equitable mortgage or constructive trust on their property and assets.

### COUNT VI:  ATTORNEY'S FEES AND RELATED RELIEF AS TO ALL DEFENDANTS

55. ¶¶ 1-33 are incorporated.

56. Defendants acted in bad faith by their misconduct, refusing to resolve these matters, requiring Plaintiff to bring the action and incur costs and fees.

57. Defendants were stubbornly litigious as there was no dispute of their liability at which caused Plaintiff the unnecessary trouble/expense to bring suit.

58. Per O.C.G.A. § 7-4-16, Plaintiff is entitled to prejudgment interest plus any charges provided by the terms of the Instruments.

59. Per O.C.G.A. §13-6-11 and applicable law, Plaintiff demands judgment against Defendants for its fees, costs and just relief, including its other remedies, if these are not otherwise granted.

60. Defendants are not minor(s) or adjudged incompetent; were not in the military for the last 30 days and not subject to protection per 50 U.S.C. § 3901.

## **CERTIFICATE OF COMPLIANCE**

Per L.R. 5.1(C), I certify this document was prepared per L.R. 5.1(B) in Times Roman 14-point typeface.

Respectfully submitted this 8th day of September 2021.

By: */s/Paul G. Wersant*
Paul G. Wersant
Georgia Bar No. 748341
3245 Peachtree Parkway, Suite D-245
Suwanee, Georgia 30024
Telephone: (678) 894-5876
Email: pwersant@gmail.com
Attorney for Plaintiff IOU
File No. 135329